Filed 11/25/14  P. v. Jeiranian CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAHAK JEIRANIAN,<br><br>Defendant and Appellant. | B251825<br><br>(Los Angeles County<br>Super. Ct. No. BA338994) |

APPEAL from an order of the Superior Court of Los Angeles County.  Craig J. Mitchell, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Jonathan J. Kline and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This case is before us once again. A jury convicted appellant Sahak Jeiranian of two counts of felony intentional evasion of cigarette tax (Rev. & Tax Code, § 30480; counts 1 & 2),[1] misdemeanor unlicensed cigarette distribution (§ 30149; count 4), misdemeanor possession of false or fraudulent cigarette stamps (§ 30473.5; count 5), and misdemeanor possession of unstamped cigarettes (§ 30474; count 6).[2] The trial court granted appellant 60 months formal probation on count 1 and 36 months formal probation on the remaining counts. By stipulation, appellant agreed to pay $200,000 in restitution.

Appellant appealed this judgment and we reversed his convictions on counts 1 and 2 after determining that section 30480 is a penalty provision and not a substantive crime for which appellant could be convicted. (*People v. Jeiranian* (Nov. 14, 2013, B227938) [nonpub. opn. on rehg.] (*Jeiranian*).) We also vacated the stipulated restitution order and remanded the matter to the trial court for a new restitution hearing.

Following a new restitution hearing, the trial court ordered appellant to pay $162,392, the amount of tobacco excise tax owed to the California State Board of Equalization (Board). Appellant now appeals from this order of restitution. He argues that (1) his actions did not cause the loss of cigarette taxes to the Board, (2) the large amount of restitution was improper, and (3) the "law of the case" doctrine precludes the imposition of restitution. We affirm.

## FACTUAL BACKGROUND

Because the parties and this court are well versed in the facts of this case, we briefly summarize them here from our prior opinion on rehearing. Between 2001 and 2003, the Board investigated a retail store, Royal Cigars, Inc. (Royal), for distributing cigarettes that lacked a cigarette stamp.[3] Investigators with the Board observed appellant

---

[1] All further statutory references are to the Revenue and Taxation Code unless otherwise indicated.

[2] The trial court dismissed one count of felony intentional evasion of cigarette tax (count 3) under Penal Code section 1118.1.

[3] As we explained in our prior opinion on rehearing: "In order to distribute cigarettes in California, a California seller's permit and a cigarette distribution license are

2

at Royal, where numerous cigarettes were found without stamps. Appellant denied being the owner of Royal, but acknowledged receiving shipments of cigarettes to Royal at his apartment, where numerous cartons of unstamped cigarettes were recovered, along with other items, including counterfeit California cigarette tax stamps. Appellant claimed that he shipped the cigarettes to Armenia.

Weekly deliveries of cigarettes to Royal were made to appellant's apartment in 2001 and 2002. By correlating delivery receipts and invoices, a Board investigator was able to determine that Royal purchased 10,980 cartons of cigarettes in 2001, requiring taxes of $95,576, and purchased 7,680 cartons of cigarettes in 2002, requiring taxes of $66,816, for a total of $162,392 in taxes owing to the Board.

Appellant's defense at trial was that he was a mentally challenged alcoholic, incapable of hatching such an elaborate tax evasion scheme, which involved several individuals, and that he was merely a dupe used by one of these individuals.

### DISCUSSION

Appellant makes three arguments: (1) the trial court abused its discretion in ordering him to pay to the Board $162,392 in lost taxes because there was no evidence that his criminal conduct caused the loss of taxes to the Board; (2) the large amount of restitution constitutes an improper probation condition; and (3) the "law of the case" doctrine prevents imposition of the ordered restitution. We find no merit to these arguments.

---

required. The cigarette license is for a particular location, the only location at which unstamped cigarettes can be possessed, unless prior notice is given to the . . . Board. A cigarette stamp is proof that the cigarette tax has been paid. Cigarette stamps can only be purchased by a licensed cigarette distributor, who must make monthly reports to the Board of the cigarettes and stamps it purchased and the cigarettes it distributed." (*Jeiranian*, *supra,* B227938, at p. 3.)

3

## I. **No Abuse of Discretion in Ordering Restitution**

### A. *Applicable Law*

Penal Code section 1202.4, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." Subdivision (f) provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (Pen. Code, § 1202.4, subd. (f).)

When a defendant is sentenced to prison, restitution is limited to "those losses arising out of the criminal activity that formed the basis of the conviction." (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049; see also *People v. Lai* (2006) 138 Cal.App.4th 1227, 1247.) "This limitation does not apply in the context of grants of probation." (*People v. Woods, supra,* 161 Cal.App.4th at p. 1050; *People v. Lent* (1975) 15 Cal.3d 481, 486-487 (*Lent*) [ordering victim restitution as a probation condition for monies allegedly defrauded but for which the defendant was acquitted].) Because "[p]robation is 'an act of clemency and grace,' [citation] not a matter of right," the trial court can impose conditions that it could not impose on a defendant sentenced to prison. (*People v. Anderson* (2010) 50 Cal.4th 19, 32.) Thus, where probation is granted, restitution is not limited to damages specifically caused by the crime of which the defendant was convicted. (*People v. Martin* (2010) 51 Cal.4th 75, 82; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

"'California courts have long interpreted the trial courts' discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction. Under certain circumstances, restitution has been found proper where the loss was caused by related conduct not resulting in a conviction [citation], by conduct underlying dismissed and uncharged counts [citation], and by conduct resulting in an acquittal [citation].'" (*People*

4

*v. Woods, supra*, 161 Cal.App.4th at p. 1050; accord, *People v. Carbajal*, *supra*, 10 Cal.4th at p. 1121.)

Penal Code section 1203.1 gives trial courts broad discretion to impose probation conditions to foster rehabilitation and to protect public safety. Our Supreme Court has explained, "While restitution under [Penal Code] section 1203.1 may serve to compensate the victim of a crime, it also addresses the broader probationary goal of rehabilitating the defendant. '"Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused."' [Citation.] Restitution 'impresses upon the offender the gravity of the harm he has inflicted upon another, and provides an opportunity to make amends.' [Citation.]" (*People v. Anderson*, *supra*, 50 Cal.4th at p. 27.)

The trial court may impose upon probationers "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).) "There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damage that might be recoverable in a civil action." (*People v. Anderson*, *supra*, 50 Cal.4th at p. 27.) Thus, a probation condition is valid unless it "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . . [Citation.]'" (*Lent*, *supra*, 15 Cal.3d at p. 486.)

### B. Analysis

Appellant argues that his criminal conduct did not result in a loss of taxes to the Board. He claims that he only received the cigarettes at his apartment and was merely a "helper." He asserts there was no evidence that he sold the cigarettes or placed them into retail or that he was the owner or general manager of the business that ultimately distributed the cigarettes. But appellant ignores that he was convicted of unlicensed

5

cigarette distribution, possession of false or fraudulent cigarette stamps, and possession of unstamped cigarettes. As explained to the jury, the purpose of state licensing and cigarette stamps is to ensure the payment of the tobacco excise tax. Distributors of cigarettes pay the tobacco excise tax by purchasing a special stamp and affixing the stamp to each pack of cigarettes. The stamp is proof that the tax has been paid. Only licensed cigarette distributors within California can purchase the stamps. Thus, all of appellant's criminal acts—unlicensed distribution and possession of fraudulent stamps and unstamped cigarettes—resulted in the nonpayment of taxes. The restitution order was therefore reasonably related to appellant's illegal conduct. "That a defendant was not personally or immediately responsible for the victim's loss does not render an order of restitution improper." (*In re I.M*. (2005) 125 Cal.App.4th 1195, 1209.)

Additionally, as the People note, the restitution order also served the objectives of probation as the amount imposed had the goal of deterring future criminality. (*Lent, supra,* 15 Cal.3d at p. 486 ["a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality"].) Appellant continues to deny his involvement in the illegal activities of which he was convicted. Given his continued defiance and unwillingness to accept responsibility for his actions, the trial court's restitution order would serve to rehabilitate appellant.

Accordingly, the trial court did not abuse its discretion in ordering appellant to pay restitution.

## II. The Restitution Amount is Proper

Appellant next argues that the trial court abused its discretion in requiring him to pay such a "large amount" of restitution without giving due consideration to mitigating factors, such as appellant's "limited involvement in a grander scheme carried out by others," his "mental disabilities" and "alcohol abuse," and his "limited financial ability to pay." This argument is meritless. The trial court specifically stated that appellant "cannot be characterized as mentally deficient in any manner as being an unwitting participant that gave rise to this case. In fact, the trial transcript reveals [appellant] as

6

intellectually quite capable." And appellant's initial stipulation to pay $200,000 in restitution undermines any claim that he is unable to pay the reduced restitution amount of $162,392.

## III. "Law of the Case" Doctrine Is Not Applicable

Finally, appellant argues that the trial court's restitution order is barred by the "law of the case" doctrine because we determined in the prior appeal that the misdemeanor crimes of which appellant was convicted did not deal with, or require, the payment of taxes. (*Jeiranian, supra*, B227938, at pp. 30–31.) Once again, this argument is meritless.

"Under the law of the case doctrine, "'where, upon an appeal, the [reviewing] court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case . . . , both in the lower court and upon subsequent appeal. . . .""" (*People v. Turner* (2004) 34 Cal.4th 406, 417.)

The law of the case doctrine does not apply here. In addressing appellant's argument that the trial court erred in instructing the jury on aiding and abetting liability, we stated the following in our prior opinion on rehearing: "Neither [Penal Code] section 30149 nor 30474 deal with, or require, the payment of the tax on the distribution of cigarettes or tobacco. Nor do they evidence an intent to limit their application only to the direct perpetrator. They criminalize distributing cigarettes without a license and possessing them for sale without a tax stamp on them, respectively. Neither statute seeks any tax that may be owing by reason of the distribution of the cigarettes. Neither statute precludes aider and abettor culpability." (*Jeiranian, supra*, B227938, at pp. 30–31.)

Our statement—that the statutes do not seek taxes—does not constitute a principle or rule of law necessary to the decision. Rather, this was merely an observation made as part of our analysis on the jury instruction issue. The fact that we ordered a new restitution hearing and provided guidance to the trial court under the *Lent* framework further supports the conclusion that our prior statement was not meant to be law of the case.

7

**DISPOSITION**

The restitution order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
    ASHMANN-GERST


We concur:


_____, P. J.
    BOREN


_____, J.
    CHAVEZ